# CIRCUIT COURT OF THE CITY OF RICHMOND

Lloyd Walls

v.

Food Lion, L.L.C.,
and Michael Hughes

July 13, 2004

Case No. LP-678-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on defendant Food Lion's plea of the bar of workers' compensation to plaintiff's claim for a money judgment based on negligence. The plea asserts that, under the provisions of Va. Code § 65.2-302, Food Lion stood in the position of plaintiff's statutory employer and therefore plaintiff's exclusive remedy for any injury complained of is under laws covering workers' compensation.

According to the Motion for Judgment, plaintiff was a truck driver employed by Eagle Transportation. On the date in question, September 29, 1998, plaintiff drove an Eagle truck to the Food Lion Distribution Center in Disputanta, Virginia, to deliver cargo. While there, a Food Lion employee operating a forklift struck plaintiff's foot with the lift.

According to Va. Code § 65.2-302, a statutory employer is defined as "any person [who] undertakes to perform or execute any work which is a part of his trade, business, or occupation and contracts with any other person for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner." So, the question is whether the work plaintiff was doing at the time is part of the "trade, business, or occupation" of Food Lion and, as the case law explains, whether that work is normally done by employees rather than independent contractors. The cases apply three separate tests on the issue of statutory employee: the normal work

test, the subcontracted fraction test, and the stranger to the work test. *Stone v. Door-Man Manufacturing Co.*, 260 Va. 406, 415 (2000).

There is no dispute that Food Lion is in the retail grocery sales business and that plaintiff was in the process of delivering retail goods to Food Lion at the time. The parties go to great lengths to distinguish plaintiff's activity at the time he received the injury. Plaintiff contends that he was merely returning to his vehicle to await receipt of paperwork before leaving the premises and thus was no longer involved in making the delivery. Food Lion takes the position that this was all involved in the process of delivering the goods, as part of its "trade, business, or occupation." The court agrees with Food Lion.

Plaintiff points to his and William Best, Jr.'s depositions for the proposition that Food Lion employees never await paper work because they are not required to await bills of lading. If this is true, plaintiff argues that he was not engaged in the trade, business, or occupation of Food Lion because he was not performing an activity normally performed by Food Lion's employees. Instead, this activity was one only performed by independent contractors.

The distinction between delivery and awaiting the bill of lading is important. The delivery is an activity normally carried on by Food Lion employees and within the trade, business, or occupation of Food Lion as a retail warehouse. However, it can be argued that, once an independent contractor has completed the unloading of freight, his delivery as a statutory employee of Food Lion is completed and, as he is awaiting the bill of lading, he is currently employed in the trade, occupation, or business of his immediate employer as an independent contractor. There are two main steps it the paperwork process: (1) the checker "checks" the load and turns the paperwork in to the office, signing that the load is conforming and (2) the bill of lading is issued to the driver. Food Lion employees, when delivering goods, also are required to turn paperwork in, but do not receive a bill of lading.

However, depositions of Best and plaintiff do not conclusively establish that the accident occurred "after" the delivery process was complete. Best states that "[a]s far as [he] —can remember, the accident happened before [he] had completed before — [the] load had been completed being checked, the accident happened; in the middle of his load being checked." Best Deposition, page 34. Additionally, Best does not recall whether the load was completely out of the truck or not at the time of the accident. *Id.* Plaintiff testified that he had been told by the checker that he was not quite finished. Walls Deposition, at 35. Further, plaintiff said that, at the time of the accident, he was walking back to his truck to make sure that the forty pallets that were originally on the shipment had been replaced and the checker had not yet turned the paperwork

28

in to the office. *Id.* Based on these facts, it seems that the checker had not yet completed his tasks of making sure that the delivery was conforming and the plaintiff was still about things incident to the delivery process.

Accordingly, plaintiff was still engaged in the "trade, business, or occupation" of Food Lion at the time of the accident because the delivery had not yet been completed. The plea of workers' compensation as the exclusive remedy is sustained.